James E. JOHNSTON,

v.

The UNITED STATES.

No. 130–52.

United States Court of Claims.
May 3, 1955.

Guy Emery, Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the brief.

Francis X. Daly, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff sues for the lump-sum payment of $500 for each year of his active service in the Air Corps under the provisions of section 6 of the Act of June 3, 1941, 55 Stat. 240, 10 U.S.C.A. § 300a.

Plaintiff was appointed a second lieutenant in the Field Artillery Reserve on June 1, 1937. He entered upon extended active duty on January 20, 1941, under his Field Artillery Reserve commission and served on active duty until May 12, 1946. Prior to plaintiff's entrance upon active duty, he had obtained a commercial pilot's license for single engine, land-type aircraft.

On December 13, 1941, the Secretary of War issued a directive which suspended all transfers between the various sections of the Officers' Reserve Corps.

After this directive was in effect and on March 25, 1942, plaintiff requested a transfer from the Field Artillery Reserve to the Army Air Corps Reserve. On April 13, 1942, the plaintiff was detailed to duty with the Air Corps at Nashville, Tennessee. Thereafter plaintiff served with the Army Air Corps until his release from active duty on February 1, 1946, and was on terminal leave status until May 12, 1946. While plaintiff was serving on duty with the Air Corps, he was rated as a service pilot and served as a flying officer both in the United States and the overseas theatres of war of North Africa, the Mediterranean and Italy.

Plaintiff contends that under the provisions of section 6, Act of June 3, 1941, he was an Air Corps Reserve officer on active duty who had not been selected for commission in the Regular Army prior to his release from active duty and is therefore entitled to payment of $500 for each year he served on active duty.

The question presented is whether plaintiff was *transferred to the Air Corps Reserve from the Field Artillery Reserve,* thereby making him eligible for the lump-sum payments at the time of his release from active duty.

Section 6 of the Act of June 3, 1941, 55 Stat. 240, 10 U.S.C.A. § 300a, provides as follows:

"Whenever any Air Corps Reserve officer who has not been selected for commission in the Regular Army is released from active duty that has been continuous for one or more years, he shall be paid a lump sum of $500 for each complete year of active service *as such officer,* and if released from active duty otherwise than upon his own request, or as a result of inefficient or unsatisfactory service as determined by the Secretary of War, such lump-sum payment shall be prorated for fractional parts of each year of such active service. The lump-sum payments herein authorized shall be in addition to any pay, allowances, compensation, or benefits which such officers may otherwise be entitled to receive. [Italics supplied.]"

In order for plaintiff to be eligible for the lump-sum payments provided by the statute, it would be necessary for us to hold that plaintiff was transferred from the Field Artillery Reserve to the Air Corps Reserve on April 13, 1942, so that plaintiff would be an Air Corps Reserve officer when he was relieved from active duty on February 1, 1946, and therefore entitled to the lump-sum payments.

Plaintiff was commissioned as an officer in the Field Artillery Reserve. He remained a Field Artillery Reserve officer until his release from active duty unless he was transferred to the Air Corps Reserve while serving on active duty. Plaintiff says that paragraph 13 of War Department Special Orders No. 95, dated April 13, 1942,[1] in fact transferred him

1. "13. Following changes in assignments and duties are directed. * * *

| Name | Reld fr— | Det or asgd to— |
|---|---|---|
| 1st Lt. James E. Johnston O352511 FA. | 4th CASC, Ft. Jackson, S.C. | DP duty with AC at Nashville Sector Ferry Cmd., Municipal Airport, Nashville, Tenn. |

*        *        *        *        *

"The abbrevations set forth in Special Orders No. 95 above have the following meanings:

FA — Field Artillery
Reld fr — relieved from
Det or asgd to — detailed in or assigned to
DP duty with AC — By direction of the President duty with Air Corps"

from the Field Artillery to the Air Corps Reserve. We are of the opinion that plaintiff was not transferred from the Field Artillery to the Air Corps.

A War Department directive of December 13, 1941,[2] expressly prohibited, with certain exceptions, all transfers between sections of the Officers' Reserve Corps. Plaintiff did not come within any of the exceptions. A subsequent War Department directive of March 26, 1943,[3] continued the prohibition on transfers between sections of the Officer's Reserve Corps. The War Department directive of December 13, 1941, suspended transfers indefinitely but paragraph 2 allowed the assignment of reserve officers to branches other than the branch in which they were commissioned. In our opinion the Special Orders No. 95, dated April 13, 1942, did no more than to detail the plaintiff to duty with the Air Corps.

■■ The orders stated that plaintiff was detailed in or assigned to duty with the Air Corps. This order did not effect a change in the plaintiff's basic branch, which was the Field Artillery Reserve. Plaintiff's prior commission in the Field Artillery Reserve was not terminated by Special Orders No. 95, or by any other order. Transfer orders expressly state that the officer is being transferred from one branch of the Army to another branch of the Army. A "transfer" is the permanent assignment of an officer in a new branch concurrent with a permanent relief from an assignment in the old branch. "Detailed" means a temporary shift of a commissioned officer to another arm or service without effecting a change in the officer's basic branch. Permanent changes in an officer's basic branch of the Army can be effected only by a transfer.

■ Military orders issued to plaintiff subsequent to his detail to duty with the Air Corps used the designation "AC" or "AAF" in reference to plaintiff. The use of these designations was erroneous although reserve officers on duty with the Air Corps often used them. It cannot be said that the erroneous use of the designation "AC" or "AAF" effected a transfer of the plaintiff into the Air Corps Reserve.

■ When plaintiff was relieved from active duty on February 1, 1946, his basic branch, service or component was still the Field Artillery Reserve. The plaintiff served on active duty as a Field Artillery Reserve officer detailed to duty with the Air Corps. We think it is clear from the Act of June 3, supra, and the directive of December 13, that Field Artillery Reserve officers who were only detailed to duty with the Air Corps and not transferred thereto are not entitled to the lump-sum payments. Only Air

2. "1. All transfers between sections of the Officers' Reserve Corps are suspended, except that:
"a. Current graduates of pilot and non-pilot flying courses of the Army Air Corps who are qualified and recommended for ratings or assignments which would involve increased pay, may be transferred to the Air Corps Reserve.
"b. Officers selected for appointment in the Regular Army may be transferred to such sections as may be required to qualify them legally for such appointment.
"c. Officers may be transferred to the Inactive Reserve.
"2. Reserve officers may continue to be assigned to duty with branches other than that in which commissioned, under current War Department instructions."

3. "1. Letter, AG 210.1 (3–19–43) PR–A, March 22, 1943, subject as above, is repeated for the information and guidance of all concerned.
" 'Effective immediately and for the duration of the war, no officer will be appointed in or transferred to the Air Corps Reserve except individuals who were appointed or enlisted as aviation cadets prior to July 8, 1942, and who were subsequently qualified and recommended for appointment in the Air Corps Reserve in accordance with existing instructions.'
"2. In the case of those who enlisted in the Air Corps Enlisted Reserve Corps for the purpose of taking aviation cadet training, *the date on which they were subsequently appointed as aviation cadets* will determine their eligibility for appointment in or transfer to the Air Corps Officers' Reserve Corps."

Corps Reserve officers who served on active duty with the Air Corps are entitled to these payments under the provisions of this statute.

The plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge and LARAMORE, MADDEN, WHITAKER, JJ., concur.